(36 App. Div. 130.)

## CITRON et al. v. BAYLEY et al.

(Supreme Court, Appellate Division, First Department.   January 20, 1899.)

1. APPEALABLE ORDER—DISMISSAL OF COMPLAINT.
    Appeal will not lie from an order dismissing a complaint; the appeal must be from the judgment entered thereon.

2. ACTION FOR NEGLIGENCE—PLEADING.
    In an action for damages caused to a tenant by the negligence of a tenant above him, an averment that there was an overflow from the floor above, caused by defendant's leaving open a stop-cock attached to the water apparatus on that floor, and allowing the water to run into a basin, which overflowed, states a cause of action against such tenant.

3. NEGLIGENCE OF LANDLORD—LIABILITY.
    An averment that damage was caused by an overflow from a tank on the floor above plaintiff, a tenant, which was negligently constructed, in that it did not have a ball-cock attached, which was customary and necessary, and by reason thereof the tank filled with water, and overflowed, states a cause of action against the landlord.

Appeal from trial term, New York county.

Action by Selig Citron and Henry Salinsky, composing the firm of S. Citron & Co., against Anna B. Bayley and others.   There was a judgment for defendants, and plaintiffs appeal.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Franklin Pierce, for appellants.
Eugene A. Philbin, for respondents Bayley and others.
Emil Goldmark, for respondent Goldberg.

VAN BRUNT, P. J.   The appeals from the orders must be dismissed, as there is no authority under the Code for an appeal from an order of this description.   The review of the ruling of the court is by appeal from the judgment.   Although the pleader, in drawing the complaint in this action, does not seem to have had any definite idea as to the ground upon which a recovery could be had, yet we think that sufficient is alleged in the complaint to make out causes of action as against all the defendants.   The complaint alleges that the defendants Bayley, Beekman, Lawrence, and Halsey were the owners of the premises in question; that the defendant Goldberg was the lessee and occupant of the first and fourth lofts of said premises, and that the plaintiffs were the lessees and occupants of the second and third lofts of the said premises; that on the 2d and 3d days of July, 1894, there was an overflow of water from said fourth loft, which entered upon the premises occupied by the plaintiffs, and injured goods belonging to them.   The complaint further alleges that this overflow was caused by the negligence of the defendant Goldberg in leaving open a stop-cock attached to the

water apparatus on said floor, and allowing the water to run into a basin which overflowed; and that it was also caused by an overflow from the tank situated in said fourth floor, which was improperly and negligently constructed, in that it did not have a ballcock attached, which was customary, usual, and necessary; and that, by reason thereof, the tank filled with water, and overflowed, and added to the catastrophe. There is also an allegation that the defendants were negligent in not shutting off the water from the lower part of the building by a stop-cock which was there situated.

Probably the defendants had no right to shut off the water from the other tenants of the building by means of this stop-cock, and no negligence could be imputed to them because they did not make use of it. There are, however, as to the defendants, the owners of the building, complete and perfect allegations of negligence in the construction and maintenance of the tank on the fourth floor, in that it had no ball-cock, which was necessary to control the flow of water therein, and which it was customary to have, and that the tank overflowed for that reason. There is also a complete and perfect allegation of negligence as against the defendant Goldberg in leaving the stop-cock open, so that the water ran into the basin, and overflowed. The landlords clearly were responsible if they maintained upon their premises a fixture which was improper in construction, and from which were absent necessary appliances for controlling the flow of the water. While they were not responsible for the negligence of tenants in the management of appropriate fixtures, they were bound to have proper appliances for the control of the water introduced into their premises. The allegations of the complaint, being that the tank was constructed without such necessary appliance, are, if proved, sufficient to establish a liability upon the part of the owners of the premises. As to what may be the relative rights of the parties to this action upon the proof that may be adduced, it is not now necessary to discuss. A landlord is clearly responsible for damages arising from negligent construction or defects, due to his want of care, existing at the time of his lease to a tenant. Swords v. Edgar, 59 N. Y. 28.

We think, therefore, that the judgments appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.