(47 App. Div. 194.)

## LEONARD et al. v. GUNTHER.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

LANDLORDS—LIABILITY—BURSTING WATER PIPES.

　　A landlord is not liable to a tenant for damages from the bursting by frost of a water-supply pipe in a part of the same building occupied by another tenant; the water having on exceptional occasions, only, been affected by the cold, and not being liable to freeze if the tenant kept a stove, for which there was a place, in the room in which was the pipe and a washbowl, or did not close the door into the adjoining heated room, occupied by the same tenant.

Appeal from trial term, Albany county.

Action by Jacob Leonard and another against Laura A. Gunther. From a judgment dismissing the complaint, entered on a decision of the court after trial without a jury, the decision embracing the findings of fact and law to which exceptions were filed, plaintiffs appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

Bailey & Dugan (Edward J. Meegan, of counsel), for appellants.
Russell M. Johnston (Learned Hand, of counsel), for respondent.

KELLOGG, J. This action is brought by a tenant against a landlord—or one of the landlords—for damages suffered by reason of the breaking by frost of a water-supply pipe in another portion of the same building, occupied by another tenant. It is not claimed that there was any defect in the pipe, or that it was out of repair, or was itself improperly constructed, but that the water in the supply pipe was liable to freeze, and the pipe to break, in case the tenant entitled to its exclusive use failed to warm the room during wintry weather, or adopt some other means to prevent freezing. The duty of the landlord extends to keeping in proper repair all portions of

a building, including fixtures, not exclusively demised to a tenant, and he is liable for any damage suffered by any tenant resulting from a failure in such duty. Peil v. Reinhart, 127 N. Y. 385, 27 N. E. 1077, 12 L. R. A. 843. The landlord is not discharged from liability to strangers by parting with the dominion over premises which at the time of demise are known to him to be unsafe or in a dangerous condition, or upon which there exists a known nuisance. If the dangerous condition is created by the tenant in occupation, by misfeasance or nonfeasance, or a fixture not dangerous per se is by the act or omission of the tenant turned into a nuisance on the premises demised, the landlord is not liable for damages resulting. The injury in such case has for its proximate cause the failure of duty on the part of the tenant. It is his misfeasance or nonfeasance, and not that of the landlord. Citron v. Bayley, 36 App. Div. 130, 55 N. Y. Supp. 382; Edwards v. Railroad Co., 98 N. Y. 256; Timlin v. Oil Co., 126 N. Y. 514, 27 N. E. 786. The determination of this case must therefore turn upon this question of fact: Was the water-supply pipe a dangerous fixture, a nuisance, at the time of the demise of these rooms to the three persons representing the Elks? That a water basin and a water supply was needed in these rooms for the use of tenants seems not to be questioned. The small room connecting with the main room seems to have been selected in which to place the basin and its supply pipe. Presumably, this was the most serviceable and convenient place. Whether more exposed here to frost than elsewhere, obviously depended upon the manner of use by the tenant. For many years this water basin, and supply pipe to it, had been here. The water in the supply pipe had frozen at least twice before in that number of years. Such freezing was apparently owing to neglect on the part of the tenant in occupation of proper precautions in extreme cold periods,—neglect to keep the room reasonably warm, or to allow the water a reasonable flow at the faucet; for it does not appear that it was the rule, but rather the remote exception, for the water at this place to be affected by excessive cold or frost. The evidence shows that the room was furnished with a chimney for the use of a stove, and that a stove had been used there by prior tenants; that the door opened into the larger room, which was furnished with sufficient radiating pipes taking heat from a furnace, and, with the door opened, the room where was located the water basin was made sufficiently warm to prevent freezing of water in the supply pipe. That this was a reasonably safe construction on the part of the landlord, I think, admits of but little doubt. From the evidence, a conclusion might properly have been reached that the freezing which did the damage to plaintiffs was occasioned by the act of the tenants in excluding a stove from the room, closing and battening the door, and leaving open an outside window into the room where the water basin and supply pipe were. This seems to have been the finding of the court, and I think it cannot be properly disturbed.

The judgment should be affirmed, with costs. All concur.