KROMBACK v. PENNSYLVANIA STEEL CO.

(Supreme Court, Appellate Term.   June 22, 1903.)

1. ORDER DISMISSING COMPLAINT—APPEALABLE.

No appeal lies from an order of the trial court dismissing a complaint; the appeal must be from the judgment entered thereon.

Appeal from City Court of New York, Special Term.

Action by Joseph Kromback against the Pennsylvania Steel Company.   From an order of the city court setting aside the verdict of a jury in plaintiff's favor and dismissing the complaint, plaintiff appeals.   Appeal dismissed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Alexander Rosenthal, for appellant.
McCurdy & Yard, for respondent.

GILDERSLEEVE, J. At the end of plaintiff's case defendant's attorney moved to dismiss the complaint, which motion was denied. At the end of the whole case he renewed the motion, which was again denied. The court then submitted the whole case to the jury on the facts. The jury found a general verdict for the plaintiff, and fixed the damages at $415.

The action, as set forth in the complaint, was for services rendered "upon promise of defendant to pay plaintiff therefor the reasonable value thereof." Upon the bringing in of the verdict, the defendant's counsel made a motion to set aside the same and for a dismissal of the complaint. The court reserved its decision, but subsequently granted the said motion. From an order setting aside the verdict and dismissing the complaint, plaintiff appeals.

The opinion of the court below shows that the complaint was dismissed for the failure of plaintiff to establish his cause of action by showing an agreement to pay for extra work. In the cases of Citron v. Bayley, 36 App. Div. 130, 55 N. Y. Supp. 382, and Robinson v. Chinese Ass'n, 42 App. Div. 65, 58 N. Y. Supp. 885, it was held, in this department, that no appeal lies from an order of the trial court dismissing a complaint, as such ruling must be reversed by an appeal from the judgment.

This appeal from the order must be dismissed, with $10 costs and disbursements. All concur.