Henry F. Brick, Appellant, *v.* Matthew Favilla and Jennie Favilla, Respondents.

(County Court, Chautauqua County, October, 1906.)

Landlord and tenant — Rights, duties and liabilities in regard to the premises — Injuries from defective conditions — Negligence of third persons.

> Where, shortly after defendants went into possession as tenants of the second floor of plaintiff's building, persons attending the club or lodge to which the floor above had been rented left their faucet open and water passed therefrom into the rooms of the defendants below, the landlord is not liable to the defendants for the damages occasioned by the water and defendants are liable for the rent.

Appeal from a judgment of a justice's court in favor of defendants.

Stearns, Thrasher & Sullivan, for appellant.

Thomas H. Larkin, for respondents.

Ottaway, J. This action was brought by the plaintiff to recover one month's rent of certain rooms located upon the second floor of a brick building on Lyons street in the city of Dunkirk leased by the defendants.

The evidence discloses that said premises were leased October 10, 1904, at the monthly rent of $10 per month. The defendants entered upon the occupancy of said premises October 10, 1904, and continued in said occupancy until the 22nd day of February, 1905. The third story of said building was also leased by the plaintiff to a club or lodge, which was in occupancy of the same. The building was supplied with water conducted into the different apartments by means of pipes. It appears that, shortly after the defendants went into possession, persons attending the club upon the floor above left the faucet attached to the pipe over

the sink open and water passed from these rooms into the rooms of the defendants. This matter was brought to the attention of the landlord. Upon the 13th day of February, 1905, the faucet was again left open and the water again came down into the apartments occupied by the defendants. Shortly thereafter the defendants began preparations to remove from the building, basing their right of removal upon these conditions.

It is the contention of the respondents that the building was rendered untenantable from this cause, and that the defendants were not liable to pay the plaintiff by reason of his failure to repair said building. In the absence of an; agreement, the landlord was not bound to make repairs or changes in his building. Witty v. Matthews, 52 N. Y. 512; Franklin v. Brown, 118 id. 113.

In the absence of any testimony tending to show that the fixtures connected with the water pipes were of improper construction, and the evidence in this case disclosing that the faucets in question were under the control of the tenants of the floor above, the plaintiff is not liable to the defendants for the damages occasioned by the water, and the plaintiff is entitled to recover. Leonard v. Gunther, 47 App. Div. 194.

The occupants and lessees of the floor above were liable to the defendants for all damages occasioned by them by reason of the overflow of water.

The law does not require a landlord to prevent his tenants from annoying each other or from trespassing upon each other's rights. It leaves them to seek redress for injuries of that character from those who directly inflict them. There being no wrongful act or omission of duty shown on the part of the landlord there was no eviction.

The judgment herein should be reversed, and a new trial ordered before Rollin D. Snow, justice of the peace, November 21, 1906, at ten A. M., with costs to the appellant to abide the event of the action.

Judgment reversed and new trial ordered, with costs to appellant to abide event.