IDA TOBIAS, an Infant, by PAUL TOBIAS, Her Guardian ad Litem, Respondent, *v.* HARRIS LEWIS and ISRAEL LEWIS, Appellants.

First Department, April 5, 1918.

**Landlord and tenant — liability of owner of tenement house for injury to tenant struck by board which fell or was thrown from building — evidence — actual or constructive notice as to use of fire escapes by tenants — liability of landlord for failure to forbid or prevent such use in violation of Building Code — doctrine of res ipsa loquitur.**

In an action by the infant daughter of a tenant of an apartment house against the owners thereof for personal injuries alleged to have been sustained by being struck on the head with the leaf of an extension table which fell or was thrown from the front of the building above the stoop where she was standing, evidence *held* to warrant a finding that the defendants had either actual or constructive notice that their tenants were, during the hot weather, placing boards over the openings in the fire escapes and sleeping there.

The defendants are not liable for the negligent acts of their tenants.

Nor are they liable on the theory that they failed to forbid such use of the fire escapes by the tenants or to prosecute them under the provisions of the Building Code.

The defendants are only liable for their own negligence or that of their agents or employees with respect to matters concerning which they owed a duty to the person injured; they cannot be indirectly held liable in damages for an unlawful and negligent act of one not their agent or employee and sustaining to them merely the relation of tenant.

Since the party guilty of the negligent act in dropping or throwing the table leaf was not identified and could not have been identified as one of the defendants or one for whose act they are answerable, a recovery could not have been sustained under the doctrine of *res ipsa loquitur*.

APPEAL by the defendants, Harris Lewis and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of January, 1917, upon the verdict of a jury for $6,000, and also from an order entered in said clerk's office on the same day denying defendants' motion for a new trial made upon the minutes.

*George O. Redington* of counsel [*Edward J. Redington* with him on the brief], for the appellants.

*Charles Trosk* of counsel [*Nathan B. Finkelstein,* attorney], for the respondent.

LAUGHLIN, J.:

The recovery was for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendants.

The defendants owned a six-story tenement house at No. 252 Monroe street in the borough of Manhattan, city of New York. The plaintiff with her mother occupied one of the apartments. On the evening of August 28, 1914, after dark and about nine o'clock, the plaintiff, who was then eleven years of age, was standing on the stoop in front of the building at the sidewalk visiting with friends and was struck on the head and severely injured by a board which was the leaf of an extension table and fell or was thrown from the front of the building above where she was standing. There were six apartments on a floor. Two of them had two windows each overlooking the street. There was a fire escape on the front of the building connecting with one window of each front apartment by a platform opposite the middle rows of windows. A family named Krinkowitz occupied one of the front apartments on the third floor. The leaf fitted their table and it is, I think, fairly to be inferred that it belonged to them and came from their apartment. No occupant of that apartment was called as a witness and there is no evidence with respect to whether the board fell or was thrown or with respect to the circumstances under which it came down, other than as already stated. There was an opening in the platform of the fire escape at each floor affording access to the ladder descend-

ing to the platform at the floor below. The evidence shows that the Krinkowitz family and other tenants were accustomed during hot weather to use similar boards to cover these openings hot nights and put bedding thereon and sleep there. There is testimony, which, however, is controverted, that some of the families kept the boards there during the day time as well to afford a place for their children to play and that some tenants placed and kept barrels, seltzer bottles, boxes and other articles on the platforms of the fire escapes, but that also was controverted. One tenant testified that a month or two before this accident a table board fell to the sidewalk from one of the platforms of the fire escape and split into two pieces and that the defendants' janitress was present; and the mother of the plaintiff testified, and was corroborated by another witness, that she spoke to the janitress about that or a similar occurrence, drawing her attention to the fact that boards were coming down from the fire escapes, and the janitress replied that she could not help it, that " she could not stop the tenants." The janitress denied any recollection with respect to these matters. The mother of the plaintiff also testified that she spoke to one of the defendants about a board having fallen before the accident to her daughter, and that he replied: " All right; I will fix it." That too was controverted. The evidence warranted a finding, I think, that defendants had either actual or constructive notice that their tenants were thus using the fire escapes *at night*, but there is no evidence that this board had been on the fire escape before it fell that night or that it fell from the fire escape. It might, perhaps, be a reasonable inference that the tenant was in the act of taking it to or placing it on the fire escape and carelessly threw it or let it drop, but no inference more favorable to the plaintiff than that would in any view. of the evidence be warranted. It is quite clear and is frankly conceded by the attorney for the respondent that the defendants are not liable for the negligent acts of their tenants. He does not claim that the recovery can be sustained on the theory of any negligence with respect to moving or handling the table leaf on the occasion in question. His theory is that the defendants are liable, not for the acts which directly caused the injury, but because they failed to forbid such use of the fire escapes by

the tenants or to prosecute the tenants or dispossess them for making such use of the fire escapes. Section 103 of chapter 15 of part 1 of the Code of Ordinances of the City of New York, being the Building Code, then in force, requires the owner to keep fire escapes " in good repair and properly painted " and forbids any one to place any incumbrance of any kind or nature thereon under pain of prosecution as for a *misdemeanor* and enjoins upon firemen and policemen the duty of reporting violations and provides for notification, through the fire and police departments, to the occupants of apartments to remove any incumbrance placed on a fire escape, and in the event of their failure so to do and to keep the fire escape free from incumbrances it is made the duty of said departments to institute criminal prosecutions against them. (See Cosby's Code Ord. [Anno. 1914] pp. 221, 222.)* Upon no theory were the defendants guilty of a violation of those provisions for they neither obstructed nor attempted to obstruct nor authorized the obstruction of the fire escape. Those who did obstruct it violated the law and the duty of inspection, notification and prosecution with respect thereto was imposed upon public officials. The defendants might have drawn these continuous violations of the law to the attention of the fire and police departments and perhaps might have instituted prosecutions for such violations by their tenants, but they were under no duty so to do under the statute and cannot for such failure be held liable on the theory of neglect of a statutory duty.

No authority cited by the learned counsel for the respondent is in point on the facts. Those nearest in point and apparently principally relied on are *Hogle* v. *Franklin Mfg. Co.* (199 N. Y. 388) and *Fletcher* v. *B. & P. R. R.* (168 U. S. 135), but in both of them the injuries were inflicted by the employees of the defendant and it was held liable for negligently permitting habitually by its employees upon its own premises or cars, over which it had full control, practices endangering the safety of third parties in the one case and its own employees in the other.

* Now Code Ord. 1915, chap. 5, § 152; Cosby's Code Ord. (Anno. 1915) pp. 66, 67; Code Ord. 1916, chap. 5, § 162; Cosby's Code Ord. (Anno. 1917) pp. 81, 82.— [REP.

Assuming that the duty devolved upon the defendants at common law as owners to forbid these unlawful practices by their tenants, it appears that they forbid tenants on becoming such to obstruct the fire escapes and if they did not it cannot be found or held that failure to perform such duty was the proximate cause of the accident. It would be pure speculation to infer that the tenants who for their own comfort were constantly violating the law, would have obeyed it had they been warned by defendants and that this table leaf would not have been put through the window that night. The defendants are only liable for their own negligence or that of their agents or employees with respect to matters concerning which they owed a duty to the person injured; and they cannot be thus indirectly held liable in damages for an unlawful and negligent act of one not their agent or employee and sustaining to them, at most, merely the relation of tenant. (See *Martin* v. *Pettit*, 117 N. Y. 118; *Leonard* v. *Gunther*, 47 App. Div. 194.)

The recovery was not had under the doctrine of *res ipsa loquitur* and if it had been it could not be sustained thereunder for the party guilty of the negligent act in dropping or throwing the table leaf was not identified and could not have been identified as one of the defendants or one for whose act they are answerable. (*Wolf* v. *American Tract Society*, 164 N. Y. 30; *Francis* v. *Gaffey*, 211 id. 47; *Jack* v. *McCabe*, 56 App. Div. 378.)

It follows that the implied findings of the jury that defendants were negligent should be reversed and the judgment and order reversed, with costs, and complaint dismissed, with costs, on defendants' motion at the close of the evidence.

CLARKE, P. J., DOWLING, PAGE and DAVIS, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.