## (October 31, 1939.)

In the Matter of the Probate of the Paper Propounded as the Last Will and Testament of EMMA B. JOHNSON, Deceased. NORMA DARE OWEN and GEORGE R. DARE, Appellants; NORMAN W. ROE and Others, Respondents.— In view of the decision of the appeal herein (post, p. 750), decided herewith, the motion to dispense with printing certain exhibits and portions of exhibits in the record on appeal from the order of the Surrogate's Court of Suffolk county, entered December 19, 1938, is granted to the extent of permitting any party to the appeal to submit to the court on the argument or submission of the appeal the original exhibits or such portions thereof as are not printed in the record on appeal. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of LOUIS VOSO, an Attorney and Counselor at Law, Respondent.— During the pendency of disciplinary proceedings respondent submitted his resignation as attorney and counselor at law. Resignation accepted and respondent's name ordered to be struck from the roll of attorneys. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of ANTON WEIDMANN, an Attorney and Counselor at Law.— Motion to further amend petition by adding another charge granted; the petition is amended by adding the charge set forth in the affidavit of Charles J. Buchner, sworn to September 27, 1939, only as to the matter of stenographic minutes therein mentioned, and said charge is referred to Hon. Isaac M. Kapper, official referee, to hear and to report with his opinion. [See 256 App. Div. 829; Id. 932; 257 id. 1046.] Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ.

JOHN ALEXANDERSON, Respondent, v. BROOKLYN TRUST Co., Appellant, and Another, Defendant.— In an action to recover damages for personal injuries sustained when a flowerpot fell to the rear yard from the window ledge of a tenant's apartment in the appellant's apartment house and struck the plaintiff on the cheek, judgment entered on the verdict of a jury in favor of plaintiff reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. There is no evidence that the plaintiff's injuries were caused by any negligence of the landlord. (Tobias v. Lewis, 182 App. Div. 598; affd., 230 N. Y. 571.) The duty of the owner of an apartment house to users of private property some distance from a highway is not the same as that owing the public using abutting highways. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.