■ MAXINE BERGMAN et al., Appellants, v. BOWLING GREEN CAFE, INC., Respondent.—In a negligence action to recover damages for personal injury, loss of services and medical expenses, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated April 12, 1962, which denied their motion for summary judgment against the defendant (Rules Civ. Prac., rule 113). Order affirmed, with $10 costs and disbursements. No opinion. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ HAYDES GEIGEL, an Infant, by Her Guardian ad Litem, CARLOS GEIGEL, et al., Respondents, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.—In a negligence action to recover damages for personal injuries sustained by the infant plaintiff and for expenses incurred by the adult plaintiff, the infant's father, the defendant City Housing Authority appeals from a judgment of the Supreme Court, Kings County, entered February 21, 1962 upon the decision of the court, after a nonjury trial, which awarded $8,500 to the infant and $490 to the father. Judgment affirmed, with costs. Plaintiffs were residents in one of the defendant's several multiple dwelling buildings in a housing development which covered many acres. A concrete footpath, benches, and a large open area existed on the grounds immediately adjacent to the particular building in which the plaintiffs resided. Ball playing was forbidden by the defendant's publicized rules; and, whenever violation of the rule against ball playing was observed by defendant's employees, such rule was enforced by them. In addition, defendant had instituted a procedure of imposing charges upon residents who violated the rule. While the infant plaintiff was walking on the path leading to her building she was injured when a boy, in the course of playing a game of ball with other boys on the open area, ran into her. The "bases" were painted on the ground. It was not known who had put them there. We do not agree with the learned trial court that defendant's failure to remove such "bases" was an implied invitation to children or others to play ball on the subject area. However, defendant knew, not only that children persisted in playing ball there, but also that the existence of the bases accommodated such playing. Accordingly, we agree with the finding that the Housing Authority could not, with impunity, ignore the foreseeable danger that ball playing on such area might result in injury to nonplayers who were lawfully in the vicinity. If indeed it was not feasible to provide more policing of the area to enforce the rule, other reasonable measures could have been adopted, such as the erection of appropriate barricades or obstacles in the area which would have tended to prevent the continuance of ball playing there (cf. *Caldwell* v. *Village of Island Park*, 304 N. Y. 268; *Da Rocha* v. *New York City Housing Auth.*, 282 App. Div. 728, affg. 109 N. Y. S. 2d 263). In our opinion, the award to the infant plaintiff was not excessive. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.