In an action, inter alia, to recover damages for breach of contract, breach of fiduciary duty, and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated June 30, 2011, which granted the defendants’ motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).
Ordered that the order is affirmed, with costs.
On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction (see CPLR 3026), “accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Nonnon v City of New York, 9 NY3d 825, 827 [2007]). In opposing a motion pursuant to CPLR 3211 (a) (7), a plaintiff may submit affidavits for “a limited purpose only, ... to remedy defects in the complaint” (Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]; see Sokol v Leader, 74 AD3d 1180, 1181 [2010]). Where a defendant has submitted evidentiary material in support of a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) and the motion has not been converted to one for summary judgment (cf. CPLR 3211 [c]), “the criterion is whether the [plaintiff] has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists *861 regarding it . . . dismissal should not eventuate” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Sokol v Leader, 74 AD3d at 1182).
Here, the complaint alleged that, in 2006, the parties formed the defendant 218 Eckford, LLC (hereinafter 218 Eckford), in which three entities had membership interests: the plaintiff, Woss, LLC, the defendant Bridge Group One, LLC (hereinafter Bridge Group), and nonparty Xford Properties, LLC (hereinafter Xford). Appended to the complaint and incorporated therein were three documents: (1) a “Limited Liability Company Operating Agreement of 218 Eckford” dated September 26, 2006, which was signed only by the defendant Kristopher Rostek (hereinafter the 2006 Agreement), (2) an “Escrow Agreement” dated February 9, 2007, signed by Rostek in his capacity as representative of 218 Eckford, and by representatives of the plaintiff and Xford, and (3) a “Limited Liability Company Operating Agreement of 218 Eckford,” dated “2007,” signed by Rostek in his capacity as representative of Bridge Group and by representatives of the plaintiff and Xford (hereinafter the 2007 Agreement). The plaintiff alleged, inter alia, that the defendants had breached the 2006 Agreement by issuing the 2007 Agreement with terms more favorable to the defendants. The complaint included eight causes of action, six of which were expressly premised on the “2006 Agreement,” and sought relief including damages for breach of the 2006 Agreement and invalidation of the 2007 Agreement.
The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), submitting evidentiary material including the same three documents appended to the complaint and a printout from the New York Department of State website establishing that the plaintiff was formed as a limited liability company on January 26, 2007. The defendants contended that the documentary evidence established conclusively that the plaintiff did not exist in 2006 and was neither a party to nor an intended beneficiary of the 2006 Agreement, requiring dismissal of all causes of action premised on the “2006 Agreement.” The defendants also contended that the documentary evidence irrefutably established that the plaintiff was a party to the 2007 Agreement and, therefore, it could not assert the quasi-contract theory of unjust enrichment under the sixth cause of action. Finally, the defendants contended that the seventh cause of action alleging breach of fiduciary duty must be dismissed because the plaintiff failed to allege facts in support of the elements of a fiduciary relationship and damages.
In opposition, the plaintiff submitted, inter alia, an affidavit *862 of one of its members, Iwona Weiss, in which she conceded, consistent with the documents, that the plaintiff was not a party to the 2006 Agreement but was a party to the 2007 Agreement. Weiss set forth factual averments in support of a new contention that the defendants had breached the Escrow Agreement and the 2007 Agreement by depriving the plaintiff of its full share of the profits in accordance with its membership interest in 218 Eckford. The Supreme Court granted the defendants’ motion to dismiss the complaint and the plaintiff appeals.
Here, the first through fifth and the eighth causes of action were predicated upon an allegation that the plaintiff was a party to the 2006 Agreement. The affidavit submitted by the plaintiff in opposition did not remedy a defect in pleading but advanced entirely new causes of action premised on the 2007 Agreement without seeking leave to replead or amend the complaint (cf. Schenkman v New York Coll, of Health Professionals, 29 AD3d 671, 673 [2006]). The defendants “indisputably” demonstrated “through evidentiary material” that the plaintiffs allegation that it was a party to the 2006 Agreement was “not a fact at all” (Baron v Galasso, 83 AD3d 626, 628 [2011] [internal quotation marks omitted]; see Baumann v Hanover Community Bank, 100 AD3d 814, 816 [2012]). Accordingly, the Supreme Court properly granted those branches of the defendants’ motion which were to dismiss the first through fifth and the eighth causes of action.
The sixth cause of action sought damages for unjust enrichment. A cause of action alleging unjust enrichment is a quasi-contract claim, and therefore, is not viable where, as here, it is undisputed that the parties entered into an express agreement, the 2007 Agreement (see Vescon Constr., Inc. v Gerelli Ins. Agency, Inc., 97 AD3d 658 [2012]; Shovak v Long Is. Commercial Bank, 50 AD3d 1118, 1120 [2008]). In addition, the plaintiff failed adequately to allege a fiduciary relationship in order to sustain the seventh cause of action to recover damages for breach of fiduciary duty (see Parekh v Cain, 96 AD3d 812, 816 [2012]). Accordingly, the Supreme Court properly granted those branches of the defendants’ motion which were to dismiss the sixth and seventh causes of action.
The defendants’ remaining contentions are without merit. Angiolillo, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.