CHARLES F. McMORROW, Appellant, v MICHAEL ANGELO-POULOS et al., Respondents. [979 NYS2d 353]—

On September 21, 2004, the plaintiff and the defendant Michael Angelopoulos (hereinafter Angelopoulos) entered into a contract of sale with respect to a certain parcel of real property (hereinafter the subject property), whereby the plaintiff agreed to sell the subject property to Angelopoulos for the sum of $1,900,000, contingent upon Angelopoulos obtaining a mortgage commitment in the sum of $1,425,000. Angelopoulos, however, was only able to secure a loan commitment in the sum $1,237,500. The plaintiff and Angelopoulos amended the contract so as to reduce the purchase price of the subject property to $1,650,000, and to change the identity of purchaser to Coco Realty, LLC (hereinafter Coco), thereby releasing and relieving Angelopoulos of all liability and obligation under the contract of sale. An undated handwritten agreement was subsequently entered into between the plaintiff and Angelopoulos wherein, inter alia, it was agreed that Angelopoulos would execute a second mortgage that was to be in favor of the plaintiff, as mortgagee, on property that Angelopoulos owned at 6602 17th Avenue in Brooklyn (hereinafter the 17th Avenue property), in the sum of $350,000 at a 10% rate of interest, amortized over a 10-year period, and payable over a 10-year period. The handwritten agreement further provided, inter alia, that the plaintiff would pay Angelopoulos $50,000 out of the proceeds of the sale in consideration of the execution and delivery of the second mortgage.

The closing on the subject property was held on April 5, 2005. The plaintiff represented in the contract of sale that the rent roll for the subject property was no less than $175,000 per annum but, at the time of the closing, the plaintiff only certified a rent roll of $154,512. Accordingly, the plaintiff, as the seller, and Coco, as the purchaser, entered into an agreement pursuant to which the plaintiff was to pay to Coco, each month, the shortfall in the certified rent in the sum of $1,707.33, and the plaintiff was to credit Coco at the closing for the first three months' payments in the sum of $5,122. Subsequently, on April 22, 2005, the plaintiff advanced Angelopoulos the sum of $37,650.

Angelopoulos did not execute a mortgage on the 17th Avenue property in favor of the plaintiff. In the fall of 2005, Angelopoulos advised the plaintiff that he would seek to refinance the mortgage then encumbering the 17th Avenue property and, according to the plaintiff, Angelopoulos agreed to tender the net proceeds of the mortgage refinancing to the plaintiff. Angelopoulos successfully refinanced the mortgage on the 17th Avenue property. The plaintiff alleges, however, that he did not receive

any of the proceeds from the mortgage refinancing. Furthermore, Angelopoulos allegedly transferred title to the 17th Avenue property to the defendant S & M Realty Consultants, LLC (hereinafter SMRC), a limited liability company of which he is a member, and diluted his ownership interest therein by transferring 50% of the ownership interest in SMRC to his wife, the defendant Silvia Fragomena Angelopoulos.

The plaintiff commenced this action asserting causes of action, inter alia, sounding in breach of contract and fraud. The plaintiff thereafter moved for summary judgment on the first and second causes of action. The Supreme Court denied the motion, and, upon searching the record, awarded summary judgment to the defendants dismissing the second cause of action. Also upon searching the record, the Supreme Court awarded summary judgment dismissing the remainder of the amended complaint insofar as asserted against Silivia Fragomena Angelopoulos and SMRC, dismissing the fourth and fifth causes of action insofar as asserted against Angelopoulos and Coco, and dismissing the third cause of action insofar as asserted against Angelopoulos, and limited recovery on the third cause of action against Coco to the sum of $5,748.96. The plaintiff has not challenged the Supreme Court's decision to search the record with respect to the third, fourth and fifth causes of action. Accordingly, we do not review the propriety of the Supreme Court's use of that procedure (cf. *Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]).

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the first cause of action, which alleged breach of contract. The plaintiff failed to eliminate all triable issues of fact as to whether the defendants breached the undated handwritten agreement (see generally *DePasquale v Daniel Realty Assoc.*, 304 AD2d 613 [2003]; see also *Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878 [1985]).

The Supreme Court also properly denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action, to the extent that it alleges fraud. A cause of action alleging fraud will not lie where the only claim of fraud relates to a breach of a contract (see *Treeline 990 Stewart Partners, LLC v RAIT Atria, LLC*, 107 AD3d 788 [2013]; *Mendelovitz v Cohen*, 37 AD3d 670 [2007]). Here, the crux of the plaintiff's allegations is that Angelopoulos not only breached an agreement to execute a mortgage on the 17th Avenue property, but that Angelopoulos entered into that agreement with the unstated intent not to perform it. These allegations are

insufficient to support a cause of action sounding in fraud (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]).

To the extent that the second cause of action alleged unjust enrichment, the Supreme Court also properly denied summary judgment to the plaintiff on that claim. A cause of action alleging unjust enrichment is a quasi-contractual claim that is not viable where, as here, the parties entered into an express contract governing the subject of dispute which, here, involves the execution of a mortgage on the 17th Avenue property (*see Woss, LLC v 218 Eckford, LLC*, 102 AD3d 860 [2013]; *Vescon Constr., Inc. v Gerelli Ins. Agency, Inc.*, 97 AD3d 658 [2012]; *Shovak v Long Is. Commercial Bank*, 50 AD3d 1118 [2008]). Moreover, to the extent that the plaintiff alleged that Angelopoulos was unjustly enriched by the receipt of $37,650 from the plaintiff, the plaintiff failed to eliminate all triable issues of fact as to the reason for the payment. The plaintiff alternatively claims that it was a loan or given in partial satisfaction of his obligation to pay Angelopoulos the sum of $50,000, as per the handwritten agreement, while Angelopoulos contends that the funds were provided in accordance with the plaintiff's agreement to pay the closing costs associated with the sale of the subject property.

Upon searching the record, the Supreme Court properly awarded summary judgment dismissing the amended complaint insofar as asserted against Silvia Fragomena Angelopoulos and SMRC. These two defendants were not in contractual privity with the plaintiff (*see generally CDJ Bldrs. Corp. v Hudson Group Constr. Corp.*, 67 AD3d 720 [2009]), did not make any representations of fact to the plaintiff (*see generally Smith v Ameriquest Mtge. Co.*, 60 AD3d 1037 [2009]), and did not receive any monies from the plaintiff.

Upon searching the record, the Supreme Court also properly awarded summary judgment dismissing, insofar as asserted against the remaining defendants, the second cause of action to the extent that it alleged fraud and unjust enrichment based on the plaintiff's alleged reduction of the purchase price of the subject property in anticipation of securing a mortgage interest on the 17th Avenue property, the fourth cause of action, which sought punitive damages based upon the alleged fraud, and the fifth cause of action, which sought injunctive relief and an award of an attorney's fee.

"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifi-

able reliance upon the misrepresentation, and damages" (*Fromowitz v W. Park Assoc., Inc.*, 106 AD3d 950, 951 [2013] [internal quotation marks omitted]). The gravamen of the plaintiff's causes of action is breach of contract, and the amended complaint does not support a fraud cause of action (*see O'Keefe v Allstate Ins. Co.*, 90 AD3d 725 [2011]). Since the parties entered into an express contract which governs the dispute over the execution of a mortgage on the 17th Avenue property, the amended complaint does not support an unjust enrichment cause of action based upon the plaintiff's alleged reduction of the purchase price of the subject property in anticipation of obtaining a security interest in the 17th Avenue property (*see Woss, LLC v 218 Eckford, LLC*, 102 AD3d at 860). Since "[a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action such as fraud" (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 616 [1994]), the summary dismissal of the fraud cause of action mandates the summary dismissal of the request for punitive damages that was based thereon.

Upon searching the record, the Supreme Court properly awarded summary judgment dismissing the third cause of action insofar as asserted against Angelopoulos. The plaintiff asserted, in the third cause of action, that he is entitled to recoup the sum of $5,122, representing the first three months of payments made to Angelopoulos to make up for the shortfall in the rent roll, and that he is entitled to the sum of $5,748, representing a shortfall in the monies owed to him at the time of closing. The contract of sale was amended to reflect that Coco was the purchaser, and that Angelopoulos was relieved of all liability and obligations under the contract of sale. Therefore, Angelopoulos is not liable for any payments made to Coco or for any payments owed to the plaintiff by Coco under that contract.

Upon searching the record, the Supreme Court correctly awarded summary judgment to Coco dismissing so much of the third cause of action insofar as asserted against it as sought to recoup the sum of $5,122 that the plaintiff credited to Coco in connection with the rent roll shortfall. The express terms of the agreement that was executed at the time of closing provided that the plaintiff would credit Coco for the first three months of payments due for the rent shortfall in the sum of $5,122. On this record, there is no ground upon which to invalidate the plaintiff's obligation in this regard. With respect to the allegation in the third cause of action that Coco owes the plaintiff the sum of $5,748 by virtue of a payment shortfall at the time of

closing, the defendants argue on appeal that this claim is precluded by the completion of the closing and the failure of the parties to include a provision in the sales contract or the closing agreement indicating that issues relating to the purchase price survived the closing, or that provided for any post-closing adjustment. Since the defendants did not seek leave to cross-appeal from that portion of the order, their argument is not properly before this Court.

The parties' remaining contentions either are without merit or have been rendered academic. Skelos, J.P., Dillon, Dickerson and Austin, JJ., concur.