**Trummer Hospitality Holdings LLC v 287 PAS LLC**

2026 NY Slip Op 30647(U)

February 21, 2026

Supreme Court, New York County

Docket Number: Index No. 157766/2024

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. KATHLEEN WATERMAN-MARSHALL**    PART                    31

*Justice*

------------------------------------------------------------------------------X

TRUMMER HOSPITALITY HOLDINGS LLC,

| | |
|---|---|
| INDEX NO. | 157766/2024 |
| MOTION DATE | 01/29/2025 |
| MOTION SEQ. NO. | 002 |

Plaintiff,

- v -

287 PAS LLC, XYZ CORP.

**DECISION + ORDER ON MOTION**

Defendant.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 85, 91

were read on this motion to/for                     DISMISSAL                     .

Upon the foregoing documents and following oral argument on April 29, 2025, the motion by 287 PAS LLC ("287 PAS") to dismiss the complaint by Trummer Hospitality Holdings LLC ("Trummer") is granted.

## Background
*The Lease, the Leak, the Rent Arrears, and the Notice of Default*

Trummer leased a portion of the ground floor and lower level of 287 Park Avenue South in Manhattan pursuant to a 10-year commercial lease with 287 PAS ("the Lease"). Trummer operated a high-end cocktail lounge in the leased space, which is situated next to and below another tenant of the building, a restaurant named Hawksmoor.

Article 12, Section 12.01 of the Lease provided that Trummer leased the space "as is" and that 287 PAS had no obligation to "perform any work or to make any installations to prepare the space." At the time Trummer took possession of the space, a wall separating Trummer's space from Hawksmoor was in place.

Trummer alleges that the wall separating its space from Hawksmoor is defective and permitted water to infiltrate into Trummer's space in December 2021, February 2022, January 2024, April 2024, and July 2024, causing mold. Trummer withheld rent following the July 2024 leak, contending that the mold required substantial remediation and constructively evicted it from the space. It alleged that its business closed following the July 2024 leak, although Trummer appeared to be back in business in early 2025.

On August 20, 2024, 287 PAS served a Notice of Default upon Trummer, demanding immediate payment of outstanding rent in the sum of $34,324.39.

*The Litigation*

On August 22, 2024, Trummer commenced this action against 287 PAS to recover damages claims for quiet enjoyment, negligent hiring/supervision of contractors, constructive eviction, unjust enrichment, and negligent property damage alleged to be caused by the defective wall and consequent leak. Simultaneously with the filing of the complaint, Trummer moved, by order to show cause, for a *Yellowstone* injunction, or, in the alternative, a preliminary injunction enjoining 287 PAS from commencing any commercial landlord tenant action to terminate Trummer's lease based upon the August 20, 2024 Notice of Default.

On August 26, 2024, the prior jurist (Nock, J.) granted the temporary injunction, apparently without a hearing and without requiring Trummer to post a bond or pay use and occupancy (NYSCEF Doc. No. 12; "the August 2024 Order").

On January 29, 2025, 287 PAS filed the instant motion to dismiss the complaint upon the grounds that it fails to state a cause of action and the documentary evidence otherwise conclusively establishes that 287 PAS has a defense to the claims, as a matter of law. It then, in April 2025, moved to reargue the August 2024 Order granting Trummer a temporary injunction, and upon reargument, vacating the August 2024 Order.

This Court conducted oral argument on April 29, 2025 on all of the pending motions (Trummer's request for an injunction, 287 PAS' request for dismissal and vacatur of the injunction). By Decision and Order dated May 2, 2025 (NYSCEF Doc. No. 92, 93), this Court, *inter alia,* denied Trummer's motion for a preliminary injunction, granted 287 PAS' motion to reargue, and vacated the August 2024 Order. Thus, as of May 2, 2025, 287 PAS was free to commence a commercial landlord/tenant action against Trummer in Civil Court, New York County for non-payment of rent, and so it apparently did in or about June of 2025: *287 PAS LLC v TRUMMER HOSPITALITY HOLDINGS LLC,* Index No. LT-310401-25/NY ("the L&T Action").

However, before the Court issued its Decision and Order on 287 PAS's instant motion to dismiss the complaint, Trummer filed a "Suggestion of Bankruptcy & Notice of Automatic Stay" on August 26, 2025 (NYSCEF Doc. No. 98). All proceedings in this matter were thus promptly stayed.

Things proceeded in the Bankruptcy Court apace. On November 7, 2025, Chief United States Bankruptcy Judge Martin Glenn issued a Stipulation and Consent Order (NYSCEF Doc. No. 99; "the Consent Order"), which effectively terminated the subject Lease and the L&T Action. In pertinent part, the Consent Order provides that the subject "Lease is deemed terminated as of June 3, 2025"; the automatic stay "as regards to the Landlord is hereby terminated with respect to (i) the Lease, (ii) the Premises, and (iii) [the L&T Action]"; Trummer shall surrender possession of the Premises on or before November 17, 2025 at 12:00 p.m. (the Surrender Date); Trummer "waives any right of redemption of the Lease that it may have possessed" and "shall withdraw its Answer and its Motion to Dismiss or Stay Civil Court Proceedings in the L&T Action."

[* 2]

The Consent Order does not expressly address the instant action but reserves for the parties "all rights with respect to all other issues under the Lease not otherwise addressed" therein. Ostensibly, this reservation of rights applies to Trummer's claims in this action to recover monetary damages, as those damages arise out of the Lease and the leasehold relationship. Since the Consent Order terminates the automatic stay with respect to the Lease, it follows that the stay is lifted on this action and this Court may now address 287 PAS' motion to dismiss the complaint.[1]

**Discussion**

On a motion to dismiss, the complaint should be liberally construed, the facts presumed to be true, and the pleading accorded the benefit of every possible favorable inference (*Leon v Martinez*, 84 NY2d 83 [1994]). "Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*id*. at 88 citing *Heaney v Purdy*, 29 NY2d 157 [1971]). "When evidentiary material is considered, the criterion is whether the [plaintiff] has a cause of action, not whether [they] have stated one" (*Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]). Under CPLR § 3211(a)(7) to dismiss for failure to state a claim, the motion must be denied if, from the four corners of the pleadings, "factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001] [internal quotation omitted]). A complaint should not be dismissed so long as, "when the plaintiff's allegations are given the benefit of every possible inference, a cause of action exists," and a plaintiff may cure potential deficiencies in its pleading through affidavits and other evidence (*R.H. Sanbar Projects v Gruzen Partnership*, 148 AD2d 316, 318 [1st Dept 1989]). However, bare legal conclusions and factual allegations which are inherently incredible or contradicted by documentary evidence are not presumed to be true (*Mark Hampton, Inc. v Bergreen*, 173 AD2d 220 [1st Dept 1991]).

> A CPLR 3211(a)(7) motion may be used by a defendant to test the facial sufficiency of a pleading in two different ways. On the one hand, the motion may be used to dispose of an action in which the plaintiff has not stated a claim cognizable at law. On the other hand, the motion may be used to dispose of an action in which the plaintiff identified a cognizable cause of action but failed to assert a material allegation necessary to support the cause of action. As to the latter, the Court of Appeals has made clear that a defendant can submit evidence in support of the motion attacking a well-pleaded cognizable claim.

> When documentary evidence is submitted by a defendant "the standard morphs form whether the plaintiff has stated a cause of action to whether it has one. As Alleged here, if the defendant's evidence establishes that the plaintiff has no cause of action (i.e., that a well-pleaded cognizable claim is flatly rejected by the documentary evidence) dismissal would be appropriate.

---

[1] Indeed, counsel for Trummer reached out to this Court requesting a decision on the instant motion to dismiss given the absence of a stay on these proceedings.

[* 3]

(*Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d 128, 134-135 [1st Dept 2014] [Renwick, J.] [internal citations omitted]).

At the outset, Trummer's argument that the motion must be denied as lacking affidavits by individuals with personal knowledge is without merit. Supporting proof may be considered when placed before the Court via an attorney's affidavit annexing the documentary evidence relied upon (*Olan v Farrell Lines Inc.*, 64 NY2d 1092 [1985]; *Weingarten v Marcus*, 118 AD2d 640 [2d Dept 1986]).

*I. Quiet Enjoyment*

Trummer's first cause of action for breach of the covenant of quiet enjoyment is dismissed. A claim for breach of quiet enjoyment requires that the landlord "substantially and materially deprive the tenant of the beneficial use and enjoyment of the premises" (*Jackson v Westminster House Owners Inc.*, 24 AD3d 249, 250 [1st Dept 2005]). In order to assert the claim, the tenant must perform the conditions precedent under the lease, including the payment of rent (*Dave Herstein Co. v Columbia Pictures Corp.*, 4 NY2d 117, 121 [1958]). It is undisputed that Trummer has not paid rent under the Lease and, at the filing of this motion on January 29, 2025, owed more than $300,000 in unpaid rent. Accordingly, the breach of quiet enjoyment claim cannot be maintained and is dismissed.

*II. Negligent Hiring/Supervision & Property Damage*

Trummer's second and fifth causes of action (negligent hiring/supervision and property damage) are dismissed. Trummer alleges that 287 PAS, as landlord, owed a duty of care to Trummer which was breached by the negligence of 287 PAS' contractors. Presumably, Trummer is referring to construction of the wall separating its rented space from Hawksmoor – although the complaint itself does not specify the construction alleged to have been negligently supervised.

However, it is undisputed that the wall separating Trummer's and Hawksmoor's leased spaces had been constructed prior to Trummer leasing the space and that Article 12 Section 12.01 of the Lease expressly provided that Trummer leased the space "as is." Thus, any claim that the wall was negligently constructed, that Trummer negligently oversaw the construction of the wall, or that water damage was caused by the construction of the wall was expressly waived by Trummer under the Lease and must be dismissed (*Basis Yield Alpha Fund (Master),* 115 AD3d at 134-135).

Similarly, Article 8 of the Lease absolves 287 PAS for damages caused by other tenants. On this precise issue, Trummer's own engineer's report refutes its conclusory allegation that 287 PAS caused the water infiltration; that report contends that the source of the water infiltration is Hawksmoor's ejector/sump pump. Notably, Trummer sued Hawksmoor for the same flooding damage approximately seven months before bringing this action (NY County Index No. 150315/2024). It has long been established that where the condition/fixture is within the sole control of the tenant, the landlord is not responsible (*see e.g. Cosgrove v State*, 277 AD 596 [3d Dept 1951]; *Leonard v Gunther*, 47 AD 194 [3d Dept 1900]). Trummer's complaint does not allege that 287 PAS has control over the ejector/sump pump or any portion of Hawksmoor's leased space which caused the flooding, or that it controlled the contractors performing any work

[* 4]

related to the ejector/sump pump. Accordingly, the second and fifth causes of action are dismissed.

### III. Constructive Eviction

Trummer's third cause of action for constructive eviction is also dismissed. Continued occupancy of a premises precludes a claim for constructive eviction; the tenant must abandon the premises (*Barash v Penn. Term. Real Estate Corp.*, 26 NY2d 77, 83 [1970]). Although Trummer alleges it could not use the premises for a period of time, it is undisputed that Trummer did not abandon the premises and had resumed operating its business at the premises prior to the April 29, 2025 oral argument of this motion.

Additionally, Article 8.01 of the Lease provides that damage caused by other tenants or latent defects in the building shall not constitute a constructive eviction or entitle Trummer to a rent abatement. Trummer's own engineering reports identify that the leak was caused by Hawksmoor's ejector/sump pump. Therefore, as Trummer's own evidence shows the leak was caused by another tenant, and not 287 PAS, Article 8.01 of the Lease requires Trummer to continue to pay rent and prohibits a claim of constructive eviction. Accordingly, the claim for constructive eviction is dismissed.

### IV. Unjust Enrichment

Trummer's fourth cause of action unjust enrichment is dismissed. The parties' relationship and subject matter of claims asserted in this action are governed by an express contract; thus, Trummer's quasi-contract claim for unjust enrichment must be dismissed (*McMorrow v Angelopoulos*, 113 AD3d 736 [2d Dept 2014]; *Dabrowski v Abax, Inc.*, 64 AD3d 426 [1st Dept 2009]).

### V. Mootness

Given that the Consent Order issued in the Bankruptcy Court provides that Trummer would vacate and surrender the premises by November 17, 2025, waived any right of redemption of the lease, and that Trummer would not seek to remain in possession after the surrender date, the instant action is largely, if not entirely, moot.

Accordingly, it is

**ORDERED** that 287 PAS LLC's motion to dismiss the complaint of Trummer Hospitality Holdings LLC is granted and the matter is dismissed.

| **2/21/2026** | | | |
|---|---|---|---|
| **DATE** | | **KATHLEEN WATERMAN-MARSHALL, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157766/2024   TRUMMER HOSPITALITY HOLDINGS LLC vs. 287 PAS LLC ET AL**          Page 5 of 5
**Motion No.  002**