■ CARLOS ARCE et al., Respondents, v 1681 REALTY HOLD-ING CORP., Appellant. [696 NYS2d 130] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered November 30, 1998, which, in an action for personal injuries allegedly caused by defendant's negligent maintenance of premises, insofar as appealable, granted plaintiff's motion to renew a prior order granting defendant's motion for summary judgment, and, upon renewal, denied such motion for summary judgment, unanimously affirmed, without costs. Appeal from so much of the same order as conditionally granted plaintiff's motion for disclosure sanctions unanimously dismissed, without costs, as academic.

Plaintiff's motion to renew was properly granted so as to give him an opportunity to address defendant's assertion, raised for the first time in a reply affirmation submitted by its attorney in support of its motion for summary judgment, that it was a separate and distinct legal entity from two other entities with names very similar to itself and that, according to documents

and other evidence that were submitted with plaintiff's opposition papers, it had taken over management and control, if not the ownership, of the subject premises (see, *Azzopardi v American Blower Corp.*, 192 AD2d 453). In any event, we would reverse the grant of summary judgment even if we were to disregard the record made on the renewal motion, which tended to show only that these two other entities were not corporations, and consider only the record made on the original motion, which tended to show only that the premises were not owned by defendant at the time of plaintiff's accident. Assuming defendant's nonownership of the premises, there remains a question of whether it managed the premises or otherwise assumed responsibility for its maintenance. So much of the order on appeal as pertains to disclosure has been rendered academic by defendant's production of a witness for deposition. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.