■ ME CORP. S.A. et al., Appellants, v COHEN BROTHERS LLC et al., Respondents. [739 NYS2d 133] —Order, Supreme Court, New York County (Barry Cozier, J.), entered October 6, 2000, insofar as it granted defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to the extent of dismissing the sixth cause of action, unanimously reversed, on the law, without costs, and the sixth cause of action reinstated, and order, same court and Justice, entered December 22, 2000, which granted defendants' motion for reargument, and, upon reargument, dismissed the first cause of action, and denied plaintiffs' cross motion for renewal and reargument, unanimously reversed, on the law, without costs, to the extent that plaintiffs' cross motion is granted, and upon renewal, the second, third, fourth and fifth causes of action are reinstated.

This action for breach of contract, inter alia, arises out of a failed joint venture for the development and sale of computer software. Plaintiff, ME Corp. S.A. (hereinafter ME Corp.), is an Argentinean corporation formed by the plaintiffs, Jose Luis Rusconi and Roman Rolando Rusconi (hereinafter the Rusco-

nis, collectively), for the purpose of developing and marketing software in Argentina. Defendant, Cohen Brothers LLC (hereinafter CoBro), a New York limited liability company, and defendant, Interboro Systems Corporation (hereinafter ISC), a New York corporation, are both controlled by the defendants, Richard Cohen, Matthew Cohen and Robert Cohen (hereinafter the Cohens, collectively). Defendant, Alberto Scandella (hereinafter Scandella), is employed by the defendant ISC in Puerto Rico.

Kronos Corp. (hereinafter Kronos), a nonparty to this action, is a Massachusetts corporation which sells automated corporate time accounting and data collection systems. ISC is the exclusive distributor of Kronos systems in New York State and Puerto Rico, providing installation, training and other services.

Subsequently, ME Corp. became a distributor of Kronos in Argentina and undertook to develop a complementary software which would improve the functionality of the Kronos system by accommodating the various labor laws and regulations of foreign markets. ISC arranged to have ME Corp. develop a software package for ISC to license to its customers in exchange for a percentage of the license fees charged by ISC. The resulting software was licensed to ISC under the trade name "Deltom."

During the development of additional software packages, ME Corp. and ISC agreed to form a separate entity to develop, own and sell future software packages. A memorandum agreement, dated May 23, 1998, proposed the creation of a corporation through which ME Corp. would develop software for ISC to market and sell.

On July 23, 1998, the Rusconis, Scandella and the Cohens as CoBro entered into a limited liability agreement (hereinafter LLC Agreement), which created "NEWCO Partners, LLC," a Delaware limited liability company. Thereafter, CoBro was formed in November 1998 and on December 14, 1998, the parties ratified the LLC Agreement and amended it to reflect the name of the company to be "Deltom Solutions LLC."

In March 1999, the Cohens and ISC allegedly reached an agreement with Kronos to discontinue marketing Kronos products and to refrain from selling competing software, including Deltom, in the New York area. In consideration for the surrender of the New York market and the agreement not to compete, the Cohens and ISC allegedly received compensation in excess of $10 million.

As a result, plaintiffs allege in their complaint, which asserts

six causes of action, that defendants' deliberate acts against Deltom insured its demise, causing plaintiffs to sustain damages.

The motion court granted defendants' motion to dismiss to the extent that it dismissed the second, third, fourth and fifth causes of action as derivative in nature, finding that such claims properly belonged to Deltom and that Deltom had not been dissolved prior to the commencement of the action. Further, the trial court dismissed the sixth cause of action for unjust enrichment, finding that it was barred by plaintiffs' allegation of breach of an express contract. Only the first cause of action for breach of the memorandum agreement remained inasmuch as the court found questions of fact as to whether the Cohens or ISC were the proper parties to the claim since the signatures on the agreement were illegible and no other identifying information was provided. Defendants then moved for leave to reargue and plaintiffs cross-moved for leave to reargue and renew, claiming that proof of Deltom's status was advanced for the first time in defendants' reply papers to the original motion, and submitted three documents to support their contention that Deltom had been dissolved and liquidated. The court granted defendants' motion, and upon reargument, dismissed the first cause of action as against the Cohens and ISC, and denied plaintiffs' motion for renewal and reargument. Plaintiffs appeal from these two orders.

The motion court erred in prematurely dismissing the second, third, fourth and fifth causes of action inasmuch as Deltom's actual status at the time the complaint was filed could not be unequivocally determined on the papers before it. The documentary evidence submitted by plaintiffs on renewal, which consisted, inter alia, of three letters indicating that Deltom had been dissolved by a vote of its Management Committee as early as November 1999, was sufficient to raise an issue of fact as to whether Deltom had, in fact, been dissolved and liquidated. Although not newly discovered evidence, this documentary evidence should have been considered on renewal since plaintiffs were not afforded an opportunity to respond to defendants' belated submission of the certificate of good standing, which was offered for the first time in reply (*see generally*, *Arce v 1681 Realty Holding Corp.*, 265 AD2d 157).

Likewise, the sixth cause of action for unjust enrichment, which was pled in the alternative, was prematurely dismissed by the motion court. Although it is readily evident that the premise of plaintiffs' claims is the breach of the agreement to enter into a joint venture and that the parties entered into sev-

eral agreements to govern their relationship, the scope of these agreements and whether the relationship between all parties is adequately defined by these agreements is in sharp dispute at this time. The enforceability and applicability of the subject agreements have not been conceded by the parties or determined by the motion court.

In light of the foregoing, the second, third, fourth, fifth and sixth causes of action are reinstated. Concur—Nardelli, J.P., Tom, Mazzarelli, Lerner and Buckley, JJ.