■ DAVID ELLIS, M.D., Appellant, v ABBEY & ELLIS, Respondent. [742 NYS2d 225] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered March 15, 2001, dismissing the complaint pursuant to an order which, in an action to recover compensation for services rendered by plaintiff's decedent to defendant law firm, granted defendant's motion to dismiss the complaint on the ground of res judicata, unanimously affirmed, without costs.

In this action, plaintiff seeks to recover for services rendered by the decedent to defendant law firm. The complaint includes causes of action denominated as breach of contract, breach of the covenant of good faith and fair dealing and quantum meruit. In a prior action, plaintiff asserted that the decedent was a partner in defendant firm and sought an accounting of his purported interest. Supreme Court dismissed the action, finding that plaintiff's decedent was not an equity partner and, thus, that plaintiff was not entitled to an accounting (Partnership Law § 74). This Court affirmed (271 AD2d 353, *lv denied* 95 NY2d 760).

On this appeal, plaintiff contends that the instant contract action should not have been dismissed on the ground of res judicata (CPLR 3211 [a] [5]). He argues that "the relevant factual issues are materially different, the source of the legal rights claimed is different and the remedies sought are wholly different from those sought in the Accounting Action."

This action arises out of the services rendered by plaintiff's decedent to defendant law firm (*see, Smith v Russell Sage Coll.*, 54 NY2d 185, 192-193). Whether those services were rendered as a partner—entitling decedent to a share of the partnership profits—or as an employee—entitling decedent to compensation pursuant to contract or, alternatively, in quantum meruit—necessarily affects both the remedy sought and the

facts required to be established. It is well settled, however, that once a cause of action has been reduced to a final judgment, relitigation is barred with respect to any claim arising out of the same transaction or series of transactions (*Matter of Reilly v Reid*, 45 NY2d 24, 28-29). As stated in *Matter of Reilly* (*supra* at 28), "The policy against relitigation of adjudicated disputes is strong enough generally to bar a second action even where further investigation of the law or facts indicates that the controversy has been erroneously decided, whether due to oversight by the parties or error by the courts (*see, Deposit Bank of Frankfort v Board of Councilmen of City of Frankfort*, 191 US 499, 510-11; *Kiker v Hefner*, 409 F2d 1067, 1068-1069). Considerations of judicial economy as well as fairness to the parties mandate, at some point, an end to litigation."

Plaintiff relies on *Matter of Reilly* (*supra* at 30-31) for his conclusion that recovery in quantum meruit, or under a parol contract of employment, is a "wholly different" remedy, requiring proof of "materially different facts" from recovery predicated on a putative partnership agreement. As that case states, in obiter dictum (at 31), "In one, the proof would have centered on the 'null' agreement itself; in the other, the null agreement would be ignored and the emphasis shifted to work actually performed."

While the holding of *Matter of Reilly* (*supra*) remains viable, its obiter dictum has been repudiated. The case relied upon to permit a second action where the theory of recovery requires a different quantum of proof is *Smith v Kirkpatrick* (305 NY 66), which was expressly overruled by *O'Brien v City of Syracuse* (54 NY2d 353, 358 n 1). In *O'Brien*, the Court of Appeals stated (at 357-358), "even if it were assumed that the two actions involved materially different elements of proof, the second suit would be barred * * * . When alternative theories are available to recover what is essentially the same relief for harm arising out of the same or related facts such as would constitute a single 'factual grouping' (Restatement, Judgments 2d, § 61 [Tent Draft No. 5]), the circumstance that the theories involve materially different elements of proof will not justify presenting the claim by two different actions." Whether the compensation sought to be recovered by plaintiff is based upon a share of the partnership proceeds or the value of services actually rendered, it remains that plaintiff seeks to recover for services provided by decedent to the law firm. These circumstances support "the conclusion that the over-all 'transaction' here formed 'a convenient trial unit' and that this view conforms to reasonable expectations" (*Smith v Russell Sage Coll.*, *supra* at 193).

There is no merit to plaintiff's argument that he was precluded from asserting the claims raised in this action in the earlier accounting proceeding. Causes of action and grounds for relief may be pleaded in the alternative and are not barred for inconsistency (CPLR 3002). While a partner may not maintain an action at law against another partner in the absence of an accounting (*Kriegsman v Kraus, Ostreicher & Co.*, 126 AD2d 489, 490, citing *St. James Plaza v Notey*, 95 AD2d 804), the law similarly bars recovery in quantum meruit unless the contract is found to be unenforceable (*La Rose v Backer*, 11 AD2d 314, 320, *amended* 11 AD2d 969, *affd* 11 NY2d 760). The remedy, as demonstrated by the complaint in the instant action, is to plead both breach of contract and quantum meruit as alternative theories of recovery. It is irrelevant that plaintiff did not raise the contract claim in the earlier action; what is material is that it could have been raised but was not (*Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304; *see also, Boorman v Deutsch*, 152 AD2d 48, 53, *lv dismissed* 76 NY2d 889). Finally, plaintiff cannot profess surprise that defendants, in the previous action, contested decedent's status as partner; the answer asserts, as a second affirmative defense, that plaintiff's decedent "had no equity interest in the firm and is not entitled to an accounting." Concur—Williams, P.J., Saxe, Lerner, Rubin and Marlow, JJ.