■ AMERICAN TELEPHONE & UTILITY CONSULTANTS, INC., Appellant, v BETH ISRAEL MEDICAL CENTER, Respondent. [763 NYS2d 466] —Order, Supreme Court, New York County (Charles

Ramos, J.), entered April 26, 2002, which, to the extent appealed from, granted defendant's motion to dismiss the cause of action for unjust enrichment, unanimously reversed, on the law, without costs, the motion denied, and the cause of action reinstated.

While the existence of a valid and enforceable contract governing a particular subject matter ordinarily precludes recovery in quasi-contract for events arising out of the same subject matter (*Clark-Fitzpatrick, Inc. v Long Is. RR. Co.,* 70 NY2d 382, 388 [1987]), where there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue, plaintiff may proceed upon a theory of quantum meruit and will not be required to elect his or her remedies (*Joseph Sternberg, Inc. v Walber 36th St. Assoc.,* 187 AD2d 225, 228 [1993]). Here, in view of the bona fide dispute over whether, as plaintiff contends and defendant denies, the High Tension Tariff and Power for Jobs programs are within the scope of the parties' contracts, dismissal of plaintiff's unjust enrichment claim with respect to those programs was premature (*see ME Corp. v Cohen Bros.,* 292 AD2d 183, 185-186 [2002]).

We have considered and rejected defendant's remaining contentions. Concur—Andrias, Saxe, Sullivan and Ellerin, JJ.