■ HENRY LOHEAC, P.C., Respondent, v CHILDREN's CORNER LEARNING CENTER et al., Appellants. [857 NYS2d 143]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered April 11, 2007, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss causes of action for an account stated, quantum meruit and unjust enrichment, unanimously modified, on the law, the claim for account stated limited to $25,815.27, and otherwise affirmed, without costs.

Plaintiff's allegations are supported by documentary evidence and easily withstand contradiction by any extrinsic evidence submitted in support of defendants' motion. Plaintiff was not precluded from bringing an action for breach of contract and, as alternative theories, quantum meruit and unjust enrichment (*see Ellis v Abbey & Ellis*, 294 AD2d 168, 170 [2002], *lv denied* 98 NY2d 612 [2002]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3002:5). There is a dispute as to the scope of work intended by the original oral contract and whether plaintiff is owed money outside the scope of that agreement (*see American Tel. & Util. Consultants v Beth Israel Med. Ctr.*, 307 AD2d 834 [2003]).

There is no merit to the argument that the claim for an account stated should be dismissed for lack of a timely demand for payment or rendering of account, as such assertions are refuted by the evidence of record (*see Morrison Cohen Singer & Weinstein v Ackerman*, 280 AD2d 355 [2001]). However, the claim for an account stated should be limited to $25,815.27, the amount demanded before the dispute over the work was made known; defendants' inaction has raised an issue as to constructive assent.

We have considered defendants' other arguments and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Sweeny, Moskowitz and Renwick, JJ.