10-3667-cv
Poplar Lane Farm LLC v. The Fathers of Our Lady of Mercy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> *Circuit Judges*,
> JANE A. RESTANI,
> *Judge.*[*]

––––––––––––––––––––––––––––––––––––––––––––––––

Poplar Lane Farm LLC, E. Robert Fussell,

> *Plaintiffs-Appellants*,

> v.                                                                          10-3667-cv

The Fathers of Our Lady of Mercy,

> *Defendant-Appellee.*

––––––––––––––––––––––––––––––––––––––––––––––––

FOR APPELLANTS:              E. Robert Fussell, Esq., *pro se* and for Poplar
                            Lane Farm LLC, Le Roy, NY.

––––––––––––––––––––

[*] Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

FOR APPELLEES: Kenneth Alan Manning and Timothy William Hoover, Phillips Lytle LLP, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *C.J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants Poplar Lane Farm LLC and E. Robert Fussell ("Appellants") appeal from the district court's dismissal of their complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as the denial of their recusal motion and other relief. *See Poplar Lane Farm LLC v. The Fathers of Our Lady of Mercy*, No. 08-cv-509, 2010 WL 3303852 (W.D.N.Y. Aug. 19, 2010). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In determining the sufficiency of a complaint for Rule 12(b)(6) purposes, a court may consider, in addition to the allegations contained in the complaint, "any documents that are either incorporated into the complaint by reference or attached to the complaint as

exhibits." *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

Appellants abandoned any breach of contract claim in the district court and have failed to raise adequately any such claim for our review. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) (internal quotation marks omitted); *see also Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Because Fussell is an attorney, we decline to afford Appellants any of the "special consideration" that we "customarily grant to *pro se* parties." *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (internal quotation marks omitted). In any event, the complaint plainly fails to state a claim for breach of contract.

Appellants contend, for the first time on appeal, that their complaint stated claims in implied and quasi contract, quantum meruit, and negligent misrepresentation. In addition, they raised an unjust enrichment claim for the first time in a summary judgment motion, not in the complaint. Generally, we will not consider unpreserved arguments or those raised for the first time on appeal, *see Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005), and we see no reason to depart from that principle here. In any event, even were we to consider Appellants' various unpreserved arguments, we would find them meritless.

Appellants' claims necessarily are precluded by the 1984 gas lease. Under New York law, when a valid agreement governs the subject matter of a dispute between parties, claims arising from that dispute are contractual; attempts to repackage them as sounding in fraud, conversion, and other torts, as well as unjust enrichment, implied and quasi contract, and quantum meruit, are generally precluded, unless based on a duty independent of the contract.[1] *See Diesel Props S.R.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011) (unjust enrichment); *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (quantum meruit); *Clark-Fitzpatrick, Inc. v. Long Island R.R.*, 70 N.Y.2d 382, 388-89, 516 N.E.2d 190, 193-94 (1987) (quasi-contract and tort); *Sergeants Benev. Ass'n Annuity Fund v. Renck*, 796 N.Y.S.2d 77, 84 n.3, 19 A.D.3d 107, 116 n.3 (1st Dep't 2005) (negligent misrepresentation); *Baker v. Norman*, 643 N.Y.S.2d 30, 33, 226 A.D.2d 301, 304 (1st Dep't 1996) (fraud).

Although that principle does not apply "where there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue," *Am. Tel. & Util. Consultants v. Beth Israel Med. Ctr.*, 763 N.Y.S.2d 466, 466, 307 A.D.2d 834, 835 (1st Dep't 2003), neither of those factors is present here. Appellants' conclusory allegation in their complaint that the lease assignment was

_____

[1] Nor may Appellants assert a claim in equity, as their complaint seeks damages, and they have failed to show "that they have no adequate remedy at law." *Brown v. Sandimo Materials*, 250 F.3d 120, 127 (2d Cir. 2001).

somehow invalid does not by itself create a bona fide dispute. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Contrary to Appellants' contention, the district court correctly found that the lease placed no preconditions on the lessor's approval of the lessee's assignment. Thus, the assignment did not invalidate the lease.

Finally, Appellants' claim that any district or circuit judge who is Roman Catholic must recuse himself from the case is totally without merit. *Cf. MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 138 F.3d 33, 37 (2d Cir. 1998) ("A suggestion that a judge cannot administer the law fairly because of the judge's racial and ethnic heritage is extremely serious and should not be made without a factual foundation going well beyond the judge's membership in a particular racial or ethnic group.").

We have reviewed Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5