# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**20**

**CA 13-01338**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND WHALEN, JJ.

---

621 PAYNE AVENUE, LLC, PLAINTIFF-RESPONDENT,

V                  MEMORANDUM AND ORDER

UNION FREE SCHOOL DISTRICT NO. 1 OF NORTH
TONAWANDA, ALSO KNOWN AS NORTH TONAWANDA CITY
SCHOOL DISTRICT, DEFENDANT-APPELLANT.

---

BOND, SCHOENECK & KING, PLLC, BUFFALO (STEPHEN A. SHARKEY OF COUNSEL),
FOR DEFENDANT-APPELLANT.

UNDERBERG & KESSLER LLP, BUFFALO (THOMAS F. KNAB OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Frank
Caruso, J.), entered January 31, 2013. The order, among other things,
denied defendant's motion for summary judgment dismissing the second
amended complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting defendant's motion and
dismissing the second amended complaint and as modified the order is
affirmed without costs.

Memorandum: We agree with defendant that Supreme Court erred in
denying its motion for summary judgment dismissing the second amended
complaint. We therefore modify the order accordingly. Initially, we
note that plaintiff's causes of action sound in contract and not tort
because no "legal duty independent of the contract itself has
[allegedly] been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R.R.
Co.*, 70 NY2d 382, 389), and thus Education Law § 3813 (1) applies to
this action. Next, we agree with defendant that plaintiff did not
comply with the requirements of that section, inasmuch as plaintiff
failed to present the requisite written verified claim " ' to the
governing body of [the] district or school' . . . as required by the
clear language" of the statute, and that failure "is a fatal defect
mandating dismissal of this action" (*Parochial Bus Sys. v Board of
Educ. of City of N.Y.*, 60 NY2d 539, 548). Here, it is undisputed that
plaintiff served the claim by certified mail upon defendant's then-
attorney, who is not a member of defendant's "governing body" pursuant
to Education Law § 3813 (1).

Entered: February 7, 2014            Frances E. Cafarell
                                       Clerk of the Court