Order, Supreme Court, New York County (Manuel J. Mendez, J-), entered August 19, 2013, which, to the extent appealed from as limited by the briefs, denied defendants’ motion to renew their prior motion to dismiss the breach of contract claim, to dismiss the fraud and unjust enrichment claims, and to amend the caption, and denied plaintiffs’ motion for sanctions, unanimously affirmed, with costs.
The “new facts” defendants presented on their motion to renew were their own invoices, which obviously were in their possession at the time of the prior motion (see CPLR 2221 [e]). What is new on this motion is an argument based on those invoices. Given that the argument as to an oral contract was advanced by plaintiffs in opposition to the prior motion, and plaintiffs attached one of the invoices to their papers, there can be no “reasonable justification” for defendants’ failure to pre *491 sent and make their argument as to the invoices on the prior motion (CPLR 2221 [e] [3]; see e.g. Telep v Republic El. Corp., 267 AD2d 57 [1st Dept 1999]).
Defendants’ argument that the fraudulent billing claim was not pleaded with the requisite particularity is barred by this Court’s order in the prior appeal, holding that, although plaintiffs failed to allege which invoices were inflated, the claim was “otherwise meritorious” (101 AD3d 431, 431 [1st Dept 2012]). Since the amended complaint includes precisely the information required by this Court, the motion court correctly declined to dismiss the claim.
Contrary to defendants’ contention, this Court did not dismiss the complaint as against the individual defendants. Those defendants are named on the causes of action for breach of contract and fraudulent billing, which we sustained (see id.).
The unjust enrichment claim was correctly sustained because the parties dispute the existence of the various alleged express contracts (see Henry Loheac, P.C. v Children’s Corner Learning Ctr., 51 AD3d 476 [1st Dept 2008]; Joseph Sternberg, Inc. v Walber 36th St. Assoc., 187 AD2d 225 [1st Dept 1993]).
We agree with the motion court that sanctions were not warranted (see 22 NYCRR 130-1.1).
Concur — Tom, J.E, Friedman, Renwick, Gische and Clark, JJ.