■ David Asmar, Plaintiff, v 20th and Seventh Associates, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents. G.A.L. Manufacturing Corporation, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [4 NYS3d 198]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered July 30, 2014, which denied third-party defendant G.A.L. Manufacturing Corporation's (GAL) pre-answer motion to dismiss the amended third-party complaint and all cross claims against it, and for summary judgment, unanimously affirmed, without costs.

The motion court properly denied third-party defendant GAL's motion to dismiss the complaint, made pursuant to CPLR 3211 (a) (1) and (7). The amended third-party complaint properly alleges causes of action for both contribution and indemnification and GAL'S only submission in support of its

motion, an affidavit from its vice president, does not constitute "documentary evidence" within the meaning of the statute (*see Flowers v 73rd Townhouse LLC*, 99 AD3d 431 [1st Dept 2012]). Moreover, the affidavit should not be considered for the purpose of determining whether there is evidentiary support for the complaint since it does nothing more than assert the inaccuracy of the allegations in the amended third-party complaint and does not conclusively establish a defense to the asserted claims as a matter of law (*see Art & Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436, 438 [1st Dept 2014]; *Tsimerman v Janoff*, 40 AD3d 242 [1st Dept 2007]).

GAL's affidavit was also insufficient to warrant dismissal of the third-party complaint pursuant to CPLR 3211 (a) (7), since the facts therein do not demonstrate the absence of any significant dispute nor do they completely refute the allegations against GAL (*see Lawrence v Graubard Miller*, 11 NY3d 588, 595 [2008]).

The motion court properly denied that portion of the motion seeking summary judgment pursuant to CPLR 3211 (c) as premature since issue has not been joined in the third-party action, and no discovery has been exchanged between defendants/third-party plaintiffs, GAL and Hollister, the co-third-party defendant (*see Republic Natl. Bank of N.Y. v Luis Winston, Inc.*, 107 AD2d 581, 582 [1st Dept 1985]).

We have considered GAL's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ.