Omar v Moore (2019 NY Slip Op 03232)





Omar v Moore


2019 NY Slip Op 03232


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


1304 CA 18-01339

[*1]NASIR MUZAID OMAR, PLAINTIFF-RESPONDENT,
v
MICHAEL MOORE, II, DEFENDANT, NU-ERA HOME IMPROVEMENT AND SADEQ AHMED, ALSO KNOWN AS SADEQ AHMED ALSHAMARI, DEFENDANTS-APPELLANTS. 






PHILLIPS LYTLE LLP, BUFFALO (ANDREW P. DEVINE OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
VANDETTE PENBERTHY LLP, BUFFALO (BRITTANY L. PENBERTHY OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Emilio L. Colaiacovo, J.), entered March 29, 2018. The order, insofar as appealed from, denied in part the motion of defendants Nu-Era Home Improvement and Sadeq Ahmed, also known as Sadeq Ahmed Alshamari, to dismiss the amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion seeking to dismiss the first and second causes of action against defendants Nu-Era Home Improvement and Sadeq Ahmed, also known as Sadeq Ahmed Alshamari, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for, inter alia, breach of contract, negligence, and unjust enrichment arising from defendants' allegedly unsatisfactory performance of construction work on his residence. Nu-Era Home Improvement and Sadeq Ahmed, also known as Sadeq Ahmed Alshamari, (collectively, defendants) filed a pre-answer motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint against them in its entirety. Supreme Court, inter alia, denied the motion insofar as it sought dismissal of the breach of contract, negligence, and unjust enrichment causes of action.
We agree with defendants that the court erred in denying their motion with respect to the first cause of action, for breach of contract, and we therefore modify the order accordingly. In the amended complaint, plaintiff alleged that defendants breached the contract appended to that complaint, which was executed only by plaintiff and defendant Michael Moore, II. Defendants are not parties to that contract, and thus they " indisputably' demonstrated through evidentiary material' that plaintiff's allegation that [they were] part[ies] to the [contract at issue] was not a fact at all' " (Woss, LLC v 218 Eckford, LLC, 102 AD3d 860, 862 [2d Dept 2013]; see generally Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Liberty Affordable Hous., Inc. v Maple Ct. Apts., 125 AD3d 85, 89-90 [4th Dept 2015]). Furthermore, plaintiff's affidavit submitted in opposition to the motion "did not remedy a defect in pleading but advanced [an] entirely new cause[] of action premised on [the alleged existence of a different] agreement without seeking leave to replead or [further] amend the complaint" (Woss, LLC, 102 AD3d at 862).
We also agree with defendants that the court erred in denying their motion with respect to the second cause of action, for negligence, and we therefore further modify the order accordingly. Plaintiff's causes of action sound in contract and not tort because no "legal duty independent of the contract itself has [allegedly] been violated" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; see 621 Payne Ave., LLC v Union Free Sch. Dist. No. 1 of N. [*2]Tonawanda, 114 AD3d 1145, 1145 [4th Dept 2014]; County of Chautauqua v Pacos Constr. Co., 195 AD2d 1021, 1022 [4th Dept 1993]).
We reject defendants' contention that the court erred in denying their motion with respect to the cause of action for unjust enrichment premised on defendants' alleged acceptance of payments for the construction work. Where, as here, the existence of a controlling contract between the parties has not been conceded by the parties or determined by the motion court, the assertion of a cause of action for breach of contract does not preclude a plaintiff from asserting in the alternative a cause of action for unjust enrichment (see American Tel. & Util. Consultants v Beth Israel Med. Ctr., 307 AD2d 834, 835 [1st Dept 2003]; Fisher v A.W. Miller Tech. Sales, 306 AD2d 829, 831-832 [4th Dept 2003]; ME Corp. S.A. v Cohen Bros., 292 AD2d 183, 185-186 [1st Dept 2002]). Contrary to defendants' further contention, we conclude that dismissal of the unjust enrichment cause of action is not warranted based on documentary evidence inasmuch as the receipts in question do not "conclusively establish[ ]" that defendants did not receive payments from plaintiff (Leon v Martinez, 84 NY2d 83, 88 [1994]; see generally Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 516 [2012]). Moreover, defendants' contention that plaintiff's unjust enrichment claim is barred under the doctrine of unclean hands involves an issue of fact " that cannot be resolved on [a pre-answer] motion to dismiss' " (Cohen & Lombardo, P.C. v Connors, 169 AD3d 1399, 1401 [4th Dept 2019]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court