**Putney Inv. Group Ltd. v New Hampshire Ins. Co.**

2024 NY Slip Op 33083(U)

September 3, 2024

Supreme Court, New York County

Docket Number: Index No. 653533/2023

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. NANCY M. BANNON**          **PART**          **61M**

*Justice*

-------------------------------------------------------------------------------X

PUTNEY INVESTMENT GROUP LTD., TOMAS
RODRIGUEZ DE LEON,

**INDEX NO.**          653533/2023

**MOTION DATE**          05/29/2024

Plaintiffs,

**MOTION SEQ. NO.**          003

- v -

NEW HAMPSHIRE INSURANCE COMPANY, AMERICAN
INTERNATIONAL GROUP, INC.,

**DECISION + ORDER ON
MOTION**

Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 52

were read on this motion to/for          DISMISS                .

## INTRODUCTION

In this breach of contract action, the plaintiffs, Putney Investment Group Ltd. ("Putney") and Tomas Rodriguez De Leon ("Rodriguez"), jointly asserted two causes of action for (1) breach of contract and (2) unjust enrichment against the defendants, New Hampshire Insurance Company ("NHIC") and American International Group, Inc. ("AIG, Inc."), based on allegations that the defendants failed to pay for services provided in connection with the recovery of debt owed by nonparty Corporacion Dominicana de Electricidad ("CDE"), the public electric utility of the Dominican Republic. The defendants filed the present motion, pre-answer, pursuant to CPLR 3211(a)(1) and (a)(7), to dismiss the amended complaint in its entirety as against AIG, Inc., and to dismiss the breach of contract claim as against both defendants insofar as asserted by Rodriguez. By orders dated August 20, 2024, based upon the parties' filing of a stipulation of partial discontinuance, the claims asserted by Rodriguez were discontinued with prejudice and the defendants' motion to dismiss was deemed withdrawn as moot to the extent it sought dismissal of the claims asserted by Rodriguez. NYSCEF Doc. Nos. 61-63. Therefore, the present motion now seeks dismissal of the complaint only as against AIG, Inc. Putney opposes the motion. The motion is denied.

**653533/2023   PUTNEY INVESTMENT GROUP LTD. ET AL vs. NEW HAMPSHIRE INSURANCE
COMPANY ET AL
Motion No.  003**

**Page 1 of 7**

1 of 7

## BACKGROUND

The following facts, taken from the allegations in Putney's amended complaint, are accepted as true for the purposes of this motion. In the early 1980's, CDE purchased electrical equipment from nonparty Fiat T.T.G. S.p.A. ("Fiat"). Fiat purchased political risk insurance from NHIC, a subsidiary of AIG, Inc. When CDE ultimately defaulted, Fiat filed a claim with, and received payment from, NHIC. Consequently, NHIC became subrogated to Fiat's right to collect the debt from CDE.

NHIC and its claims and recovery agent, American International Underwriters ("AIU"), tried and failed to collect from CDE. These collection efforts included the filing of a lawsuit against CDE in the Dominican Republic (the "DR Litigation). Nonparty Donald S. Schwarzkopf, a (former) senior vice president at AIU who oversaw the collection efforts with respect to the CDE debt, engaged outside counsel Frank Loomis of the firm Hill, Betts, and Nash ("HBN"). In 2001, Schwarzkopf left the AIG group of companies. Thomas R. Ripp, a senior vice president at AIU Claims Management, assumed Schwarzkopf's responsibilities.

In April 2003, Loomis signed an agreement with Putney, enlisting the company to aid in the recovery of the CDE debt by lobbying the Dominican government to back and ultimately pay CDE's debt obligations (the "Agreement"). The Agreement established a waterfall for the disposition of any recovered proceeds to, among other parties, HBN, Putney, and NHIC. Loomis signed the Agreement on behalf of "New Hampshire Insurance Co./AIU/AIG[.]" Putney thereafter undertook to lobby the U.S. Embassy in Santo Domingo to intercede with officials at CDE, resulting in discussions, facilitated by Putney, pertaining to the creation of a mechanism whereby CDE's debt would be guaranteed and paid by the government of the Dominican Republic.

These efforts were ultimately successful, as the Dominican Republic eventually agreed to issue and execute a confession of judgment in favor of NHIC and AIG, Inc. in connection with the DR Litigation. In 2018, a judgment was entered against CDE in excess of $14 million in the DR Litigation. NHIC and AIG, Inc. thereafter filed and perfected a lien against a Dominican government bank account. Rather than collect on the judgment, though, they ultimately agreed to voluntarily abandon the judgment and their associated lien, and to discount the judgment amount to $6.5 million, which discounted amount was then paid to NHIC and AIG, Inc. on or around September 1, 2023. However, NHIC and AIG, Inc. have allegedly refused to make distributions to Putney pursuant to the Agreement. This action and motion ensued.

**653533/2023  PUTNEY INVESTMENT GROUP LTD. ET AL vs. NEW HAMPSHIRE INSURANCE
COMPANY ET AL
Motion No.  003**

Page 2 of 7

2 of 7

[* 2]

## LEGAL STANDARD

Under CPLR 3211(a)(1), dismissal is warranted when the documentary evidence submitted "resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim." Fortis Financial Services, LLC v Fimat Futures USA, 290 AD2d 383, 383 (1st Dept. 2002); see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 433 (1st Dept. 2014). When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action." 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-52 (2002). To determine whether a claim adequately states a cause of action, the court must "liberally construe" it, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference" (id. at 152: see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881 [2013]; Simkin v Blank, 19 NY3d 46 [2012]), and determine only whether the facts as alleged fit within any cognizable legal theory. See Hurrell-Harring v State of New York, 15 NY3d 8 (2010); Leon v Martinez, 84 NY2d 83 (1994).

## DISCUSSION

1.  Breach of Contract

The elements of a cause of action for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance under the contract; (3) the defendant's breach of that contract, and (4) resulting damages. See Second Source Funding, LLC v Yellowstone Capital, LLC, 144 AD3d 445 (1st Dept. 2016); Harris v Seward Park Housing Corp., 79 AD3d 425 (1st Dept. 2010). Here, Putney adequately pleads its breach of contract cause of action as against AIG, Inc., as it alleges the existence of the Agreement, signed by Loomis on behalf of AIG, Inc., among others; its performance thereunder; and AIG, Inc.'s breach, and resulting damages, by failing to make distributions of the recovered CDE debt proceeds as required by the Agreement's waterfall provision. Therefore, the defendants' motion is denied to the extent it seeks dismissal of the breach of contract cause of action as against AIG, Inc. pursuant to CPLR 3211(a)(7) for failure to state a claim.

With respect to dismissal of the breach of contract claim as against AIG, Inc. pursuant to CPLR 3211(a)(1), the defendants principally contend that (i) AIG, Inc. is not bound by the Agreement because the Agreement does not bear its formal corporate name; and (ii) Loomis lacked authority to execute the Agreement on behalf of AIG, Inc. In support of these contentions, the defendants submit an affidavit from Patrick G. Sullivan, the Global Head for

**653533/2023 PUTNEY INVESTMENT GROUP LTD. ET AL vs. NEW HAMPSHIRE INSURANCE COMPANY ET AL**
**Motion No. 003**

**Page 3 of 7**

3 of 7

Political Risk Claims at AIG Claims, Inc., a wholly owned subsidiary of AIG, Inc., in which Sullivan affirms that "neither myself, Mr. Ripp, nor Mr. Schwarzkopf are or were authorized to act on behalf of AIG, Inc., NHIC's ultimate parent company, with respect to NHIC's subrogated recovery." The defendants further submit, as attachments to Sullivan's affidavit, a copy of one of AIG, Inc's annual reports, indicating the company is a holding company with no significant business operations of its own; the credit assignment transferring CDE's debt from Fiat to NHIC; a 1990 letter from Schwarzkopf to Fiat, written on AIU letterhead; and certain of Loomis's communications concerning the CDE debt.

### A. AIG, Inc.'s Corporate Name

The defendants' documentary evidence fails to "utterly refute" the allegation that AIG, Inc. was a party to the Agreement. See Goshen v Mutual Life Ins. Co. of New York, 98 NY2d 314 (2002). A party's name on the signature line of a contract is evidence of intent to be bound by the contract terms. See People v Inserra, 4 NY3d 30, 33 (2004). While the defendants correctly note that the Agreement only references "AIG," which is not a formal legal entity, the fact that the Agreement may have used an informal name for the company does not preclude AIG, Inc. from being bound. See Matter of Harmon v Ivy Walk Inc., 48 AD3d 344, 347 (1st Dept. 2008) (a corporation may be bound by contracts that it enters into using an adopted name other than the formal name under which it was incorporated), citing Mail & Express Co., Inc. v Parker Axles, Inc., 204 AD 327, 329 (1st Dept. 1923). Indeed, in at least one contemporaneous communication, Loomis, who allegedly executed the Agreement on behalf of AIG, Inc., used "AIG" as an expressly defined term to refer to "the American International Group." See NYSCEF Doc. No. 40.

The defendants further argue that the references to "AIG" in the Agreement are insufficient to bind AIG, Inc. because that term should be understood as "generic," like a logo or the stem of an "@aig.com" email address, which merely indicates NHIC's inclusion among the AIG group of companies, of which AIG, Inc. is the ultimate parent company. For example, in *Buffalo Xerographic, Inc. v Hartford Ins. Grp.*, a case cited by the defendants, a contract's generic references to a corporate parent were held to be insufficient to bind the parent to the contract signed by its subsidiary. 540 F Supp 3d 382, 393 (WDNY 2021) ("The use of a parent's logo or corporate documents is insufficient to establish the parent entity's intent to be bound under a contract–let alone a contract that expressly identifies the subsidiary entity as the contracting party."). However, the instant action is distinguishable from *Buffalo Xerographic* because Loomis is alleged to have signed the Agreement on behalf of both NHIC *and* AIG, Inc.

653533/2023   PUTNEY INVESTMENT GROUP LTD. ET AL vs. NEW HAMPSHIRE INSURANCE COMPANY ET AL
Motion No.  003

Page 4 of 7

4 of 7

In other words, the appearance of "AIG" on the signature line of the Agreement provides some evidence of AIG, Inc.'s intent to be bound (see People v Inserra, supra; Matter of Harmon v Ivy Walk Inc., supra), whereas *Buffalo Xerographic* involved a contract that included stray references to the parent company of the contracting subsidiary corporation, but was not, as may be the case here, executed on behalf of both the subsidiary and the parent company.

### B. Loomis's Authority to Bind AIG, Inc.

The defendants' submissions also fail to conclusively demonstrate that Loomis lacked authority to execute the Agreement on behalf of AIG, Inc. Read so as to accord Putney the "the benefit of every possible favorable inference," the Agreement itself reflects the fact that Loomis executed the contract on behalf of "AIG," as well as NHIC and AIU. Moreover, as already discussed, certain of Loomis's own contemporaneous communications, submitted by the defendants in support of their motion, reflect Loomis's express use of the term "AIG" to refer specifically to AIG, Inc. Thus, even if the defendants' other submissions supply evidence that Loomis lacked authority to bind AIG, Inc., there would remain a question of fact requiring discovery as to whether an agency relationship existed between Loomis and AIG, Inc. with respect to the Agreement. See R. H. Sanbar Projects, Inc. v Gruzen Partnership, 148 AD2d 316, 318-19 (1st Dept. 1989); see also Garcia v Herald Tribune Fresh Air Fund, Inc., 51 AD2d 897 (1st Dept. 1976) (questions of agency and of its nature and scope are questions of fact).

In any event, the defendants' submissions do not support dismissal on the basis of documentary evidence. Initially, Sullivan's affidavit is not "documentary evidence" within the meaning of CPLR 3211(a)(1). It is well settled that affidavits do not constitute documentary evidence within the meaning of CPLR 3211(a)(1). See Bou v Llamoza, 173 AD3d 575 (1st Dept. 2019); Asmar v 20th and Seventh Assocs., LLC, 125 AD3d 563 (1st Dept. 2015); Art and Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d 436 (1st Dept. 2014). Although an affidavit may properly serve as a vehicle to introduce documentary evidence (Thurman v Sullivan Props. L.P., 226 AD3d 453 [1st Dept. 2024]), the documents attached to Sullivan's affidavit do not "utterly refute[]" the allegation that Loomis represented AIG, Inc. and had the necessary authority to bind it to a contract.

The defendants' argument that the plaintiffs "cannot identify anyone at AIG, Inc. that engaged Mr. Loomis or his firm" is unpersuasive at this stage. The defendants rely on documents showing Schwarzkopf's association with certain of AIG, Inc.'s subsidiaries—AIU and "A.I. Credit Corp." However, these documents do not preclude the possibility that Schwarzkopf,

**653533/2023   PUTNEY INVESTMENT GROUP LTD. ET AL vs. NEW HAMPSHIRE INSURANCE COMPANY ET AL**
**Motion No.  003**

Page 5 of 7

5 of 7

though only an officer of a corporate subsidiary, was vested with authority to act on behalf of the parent company and to delegate that authority to Loomis. The defendants' reliance on Loomis's communications is similarly unavailing, as the fact that Loomis often referred to NHIC in connection with the CDE debt while remaining silent as to AIG, Inc. is simply inconclusive with respect to the nature and scope of Loomis's authority. The defendants' documentary evidence thus fails to "demonstrate conclusively" that Loomis lacked authority to bind AIG, Inc. See Kurman v Schnapp, 73 AD3d 435 (1st Dept. 2010).

Therefore, the defendants' motion is denied to the extent it seeks dismissal of the breach of contract claim against AIG, Inc.

2. Unjust Enrichment

The motion is likewise denied to the extent it seeks dismissal of the unjust enrichment claim against AIG, Inc. A cognizable claim for unjust enrichment exists upon demonstration that (i) the other party was enriched, (ii) at that party's expense, and (iii) "it is against equity and good conscience to permit the [other party] to retain what is sought to be recovered." Paramount Film Distrib. Corp. v State, 30 NY2d 415, 421 (1972) (citations omitted). As a general rule, where a plaintiff seeks to recover under an express agreement, no cause of action lies to recover for unjust enrichment. See Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382 (1987); JDF Realty, Inc. v Sartiano, 93 AD3d 410 (1st Dept. 2012). However, where, as here, the validity or scope of the contract is in dispute, a plaintiff may plead a claim for unjust enrichment in the alternative. See Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., supra; Henry Loheac, P.C. v Children's Corner Learning Center, 51 AD3d 476 (1st Dept. 2008); ME Corp. S.A. v Cohen Brothers LLC, 292 AD2d 183 (1st Dept. 2002). The plaintiff's unjust enrichment cause of action is not duplicative of the breach of contract claim because the defendants dispute the validity and enforceability of the written Agreement, asserting at oral argument on the motion that Putney's purported signatory on the Agreement—B. Edward Prettyman—is a fictitious individual and that the Agreement is, in effect, a forgery. Furthermore, Putney satisfies the pleading requirements for an unjust enrichment claim as it adequately alleges that it agreed to aid NHIC and AIG, Inc. to recover the CDE debt based on an understanding that it would be compensated for its efforts; it engaged in lengthy and extensive lobbying efforts in pursuit of that objective; owing to these efforts, AIG, Inc., together with NHIC, were ultimately enriched via their recovery of a portion of the CDE debt; but NHIC and AIG, Inc. have refused to pay any compensation to Putney.

**653533/2023 PUTNEY INVESTMENT GROUP LTD. ET AL vs. NEW HAMPSHIRE INSURANCE COMPANY ET AL**
**Motion No. 003**

Page 6 of 7

6 of 7

[* 6]

In that regard, the defendants maintain that AIG, Inc. did not recover any funds from the CDE matter and, even if it did, it had no relationship with Putney. However, the defendants do not submit any documentary evidence to support these contentions, or proof that otherwise suffices to utterly refute the material factual allegations essential to the unjust enrichment cause of action. Neither the 1995 credit assignment transferring the right to recover on CDE's debt from Fiat to NHIC, nor Loomis's communications referring to NHIC as the principal or sole owner of Fiat's claim for recovery on that debt, establish that AIG, Inc. had no financial stake in the recovery of the CDE debt and/or that it was not paid a portion of the partial recovery ultimately obtained from CDE. And whether the relationship between Putney and AIG, Inc. was too attenuated to support an unjust enrichment cause of action will necessarily turn on the facts of Loomis's agency relationship discussed above.

<u>CONCLUSION</u>

Accordingly, upon the foregoing papers and this court's prior orders, it is

ORDERED that the defendants' motion to dismiss is denied; and it is further

ORDERED that the defendants shall serve and file an answer to the amended complaint within twenty (20) days after service of a copy of this order with notice of entry; and it is further

ORDERED that the parties shall proceed with discovery and appear for a compliance conference on September 12, 2024, at 10:00 a.m., as previously scheduled, and it is further

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the court.

20240903200522NBANNONB3E2F1E7B8704257875D7B1F846E6888

_____
**9/3/2024**
**DATE**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653533/2023  PUTNEY INVESTMENT GROUP LTD. ET AL vs. NEW HAMPSHIRE INSURANCE COMPANY ET AL**
**Motion No.  003**

Page 7 of 7

7 of 7