Goss v MOJO Fashions, LLC (2025 NY Slip Op 02006)

Goss v MOJO Fashions, LLC

2025 NY Slip Op 02006

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 655666/19|Appeal No. 4039|Case No. 2024-03731|

[*1]Maloni Goss, Plaintiff-Appellant,
v
MOJO Fashions, LLC Doing Business as SUNO, et al., Defendants-Respondents.

Bergstein and Ullrich, New Paltz (Stephen Bergstein of counsel), for appellant.
Fox Rothschild LLP, New York (Philip Langer of counsel), for respondents.

Order, Supreme Court, New York County (Debra A. James, J.), entered May 14, 2024, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Supreme Court properly dismissed the complaint in its entirety based on its finding that plaintiff's claims are barred by the doctrine of res judicata (see Matter of Josey v Goord, 9 NY3d 386, 389-390 [2007]; see also Matter of Hunter, 4 NY3d 260, 269 [2005]). In the prior action plaintiff sought to enforce a settlement agreement against defendant Mojo Fashions, LLC. That case was dismissed with prejudice because the court found there was no signed agreement for it to enforce (see Goss v Mojo Fashions, LLC d/b/a Suno, Sup Ct, NY County, Nov. 28, 2018, Lebovits, J., index No. 156422/17). Here, plaintiff is seeking to enforce her employment agreement against defendants. Both actions emanate from the termination of her employment with defendants and her alleged entitlement to a severance package under her employment agreement (see Matter of Josey, 9 NY3d at 389-390). Plaintiff could have pled in her prior action that in the event the settlement agreement was deemed unenforceable, defendants breached the underlying employment agreement by failing to provide the full severance package (see AL Infinity LLC v Innovative Concepts & Design, LLC, 232 AD3d 401, 401-402 [1st Dept 2024]; see Ellis v Abbey & Ellis, 294 AD2d 168, 170 [1st Dept 2002], lv denied 98 NY2d 612 [2002]).
Finally, the prior court's statement during oral argument in plaintiff's first action has no bearing on whether res judicata is applicable to her second action.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025